IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MICHAEL LEE, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLBRIDGE CLUB MANAGEMENT, LLC<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

1. Plaintiff, Michael Lee files this Complaint against Defendant Wellbridge Club Management, LLC on his own behalf and on behalf of other similarly situated individuals in New Mexico (and any others outside of New Mexico who may choose to opt in to this action) because Defendant failed to properly pay wages and overtime pay to Plaintiff and other similarly situated individuals.

## INTRODUCTION

2. Defendant is a chain of fitness clubs with apprimately 19 locations in several states. Defendant employed Plaintiff and the putative class known collectily as "Personal Trainers."

3. Defendant did not pay Personal Trainers wages or overtime pay as required by the Fair Labor Standards Act ("FLSA"), the New Mexico Wage and Hour Act ("NMWHA"), and the City of Albuquerque Minimum Wage Ordinance ("AMWO").

4. Plaintiff and the putative class routinely worked more than 40 hours in a workweek. Defendant routinely failed to pay its employees overtime wages. Defendants' refusal to pay overtime is a violation of the FLSA, NMWHA, and AMWO.

5. Plaintiffs and the putative class were required to work off the clock for Defendant's benefit. Defendant routinely failed to pay its employees the minimum wage for the State of New Mexico and the City of Albuquerque. Defendants' refusal to pay the minimum wage is a violation of the NMWH and the AMWO.

6. Defendants have routinely improperly reduced hours worked by employees which has resulted in Defendants failing to pay employees therefore, earned compensation.

7. For these reasons, Plaintiff seeks, on behalf of himself and those similarly situated, unpaid wages, liquidated damages, attorney fees, and all other relief permitted.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff, Michael Lee, is an adult resident of Albuquerque, New Mexico. Lee worked as a full-time employee at Riverpoint Sports & Wellness from November 21, 2017 to June 12, 2018.

9. Mr. Lee will serve as an adequate, typical and active participant and class representative for similarly situated employees of Defendants in New Mexico who have not received wages for work or overtime hours (and any others outside of New Mexico who may choose to opt-in to this action), as described below.

10. Plaintiffs bring the FLSA as a collective action to seek past-due and unpaid wages and an equivalent amount in liquidated damages for putative class members who opt in. Plaintiff also brings supplemental New Mexico claims to recover broader remedies unavailable in FLSA actions and will seek to certify those state-law claims pursuant to Federal Rule of Civil Procedure 23. It is well-settled that Rule 23 class actions can be combined with collective actions brought under FLSA. *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971 973-79 (7th Cir.2011).

11. The Class Period is the time beginning three (3) years before the date that an

individual class member opts in by filing a consent form with the court.

12. Wellbridge Club Management, LLC, is a limited liability corporation with its principal place of business in the State of Colorado. Defendant owns a chain of approximately 19 fitness clubs across the United States. Defendants operate five Sports & Wellness fitness clubs in Albuquerque, New Mexico.

13. Service of process on Defendant may be made according to the laws of the State of New Mexico by serving Corporation Service Company, 123 E. Marcy St., Suite 101, Santa Fe, New Mexico. Defendant generates revenue by selling gym memberships and fitness related products and services at its various locations.

14. Defendants had actual and constructive knowledge that Plaintiff was performing work every day and every work week for which he was not paid and not paid the federal, state, and city minimum wage. Defendants have actual and constructive knowledge that Plaintiff was working more than 40 hours per week but was not paid one and a half times his regular rate of pay.

15. Defendants are an "enterprise" under the FLSA and are engaged in commerce or the production of goods.

16. This Court has federal question jurisdiction over Plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. §§1331. in addition, this court has supplemental jurisdiction over plaintiffs' state-law claims because those claims derive from the same common conduct that led to violations of the FLSA; that is, the FLSA and the New Mexico wage and hour claims all derive from the same common nucleus of operative facts, 28 U.S.C. § 1367.

17. This court has supplemental jurisdiction over Plaintiffs' New Mexico constitutional and state law claims pursuant to 28 U.S.C. § 1367.

18. Venue is proper in this Court because Defendant has violated the laws of the State of New Mexico within New Mexico, has obligated itself to the Plaintiffs within New Mexico, and has specifically chosen to maintain a corporate presence within, and substantial contacts with, the State of New Mexico.

**FACTUAL ALLEGATIONS**

19. Plaintiff was employed as a personal trainer for Defendant at Riverpoint Sports & Wellness Club located at 9190 Coors Blvd. NW, Albuquerque, New Mexico, 87120.

20. Throughout his employment with Defendant, Plaintiff routinely worked more than forty (40) hours per week, typically working between fifty and sixty hours per week.

21. Plaintiff was not paid for time he worked at Riverpoint. The number of hours he was not paid for varied week to week, depending on how many fitness programs he had to teach.

22. When Plaintiff was paid, he was only paid straight time for the hours that he worked over 40 hours per week. With the exception of one week, he did not receive time-and-a-half for his overtime hours.

23. Other personal trainers and other employees employed by Defendant also routinely worked more than 40 hours per week and did not and do not receive time-and-a-half for overtime hours.

24. Defendant's failure to pay Plaintiff and other employees for their hours worked and time-and-a-half for their overtime hours was a willful violation of the FLSA, NMWH and the AWHO.

25. Plaintiff was hired as a personal trainer on November 21, 2018. Plaintiff worked as a personal trainer for Defendants until June 12, 2019. Plaintiff worked at Riverpoint Sports & Wellness in Albuquerque, New Mexico.

## COUNT 1 - FAIR LABOR STANDARDS ACT

26. Plaintiff realleges and incorporates paragraphs 1 through 25 above as if re-alleged here.

27. Plaintiff brings two FLSA claims: one for failure to pay overtime wages and one for failure to pay the minimun wage for hours worked.

28. Defendant knowingly and willfully failed to pay Plaintiff and class members the wages and overtime compensation to which they were entitled violates the federal Fair Labor Standards Act.

## COUNT II - FAILURE TO PAY OVERTIME IN VIOLATION OF THE NEW MEXICO WAGE AND HOUR LAW

29. Plaintiff realleges and incorporates paragraphs 1 through 28 above as if re-alleged here.

30. Plaintiff brings two claims under New Mexico Law: failure to pay overtime wages and failure to pay the minimum wage for hours worked.

31. Defendant knowingly and willfully failed to pay Plaintiff and class members the wages and overtime compensation to which they were entitled violates the New Mexico Wage and Hour Act. This claim is brought pursuant to New Mexico Wage and Hour Act.

## COUNT III – UNPAID WAGES UNDER THE NEW MEXICO WAGE AND HOUR LAW AND THE CITY OF ALBUQUERQUE MINIMUM WAGE ORDINANCE

32. Plaintiff realleges and incorporates paragraphs 1 through 31 above as if re-alleged here.

33. Defendant's conduct in failing to ensure that its employees are paid all wages owed to them, as set forth above, violates the New Mexico Wage and Hour Act and the City of Albuquerque Minimum Wage Ordinance.

## JURY DEMAND

34. Plaintiff requests a trial by jury on these claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Certification of a class of New Mexico employees pursuant to Federal Rule of Civil Procedure 23 and that notice of the pendency of this action be provided to members of the class;

b. Certification that the Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA and prompt notice of this action be issued to potential member of the opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

c. Allowing employees from anywhere throughout the country to opt-in to this action, pursuant to § 216(b) of the FLSA;

d. Designation of Plaintiff as the Class Representative for the two classes;

e. Finding that Defendant violated the FLSA, NMWHA, and AMWA;

f. All unpaid overtime compensation;

g. All unpaid wage compensation as a

h. Liquidated damages;

i. Statutory damages and penalties;

j. Pre-judgement and post-judgement interest; and,

k. Any other relief to which Plaintiff and class members may be entitled.

Respectfully submitted,

GADDY LAW Firm

<u>/s/ Brian Gaddy</u>

Brian Gaddy
Attorney for Plaintiffs
4420 Prospect Ave. NE
Albuquerque, NM  87110
Phone: (505) 254-9090
Fax:     (505) 273-7943
Brian@GaddyFirm.com