**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL LEE, on behalf of himself
and others similarly situated,

      Plaintiff,

v.                                                                                                        No. CIV 19-1074 RB/LF

WELLBRIDGE CLUB MANAGEMENT, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Michael Lee brought suit against Wellbridge Club Management, LLC, on November 18, 2019, for violations of the Fair Labor Standards Act (FLSA), New Mexico Minimum Wage Act, and the Albuquerque Minimum Wage Ordinance. Since that time, the parties jointly requested and were granted an extension of all scheduling order deadlines due to the COVID-19 pandemic. Otherwise, the parties have engaged in very little discovery.

On August 13, 2020, Mr. Lee filed an action in New Mexico state court, making similar claims to those in this lawsuit, but omitting any claim under the FLSA. He now moves to voluntarily dismiss this lawsuit to proceed against Wellbridge on the state claims only in the state case. For the reasons discussed below, the Court finds the motion should be granted.

**I.     Factual Background**

Mr. Lee filed this purported class action against Wellbridge in this Court on November 18, 2019. (Doc. 1.) The parties met for a telephonic scheduling conference with United States Magistrate Judge Laura Fashing, who entered a Scheduling Order on January 21, 2020. (*See* Docs. 5; 9; 10.) Judge Fashing held a telephonic status conference on April 23, 2020, at which the parties jointly sought a 90-day extension to the scheduling order deadlines due to the COVID-19

pandemic. (Doc. 16.) Judge Fashing granted the extension and set a follow-up status conference. (*See id.*; Doc. 17.)

Wellbridge served discovery on Mr. Lee on July 2, 2020. (*See* Doc. 24-1.) Judge Fashing held a second status conference on July 14, 2020. (Doc. 19.) At the conference, Mr. Lee's attorney, Mr. Brian Gaddy, advised the Court that he required "some discovery on the potential class and advise[d that] if they cannot settle the case, they may dismiss it and refile in state court." (*Id.*) The Court noted that Mr. Lee had not yet conducted any discovery, and Wellbridge had recently sent written discovery. (*Id.*) On August 11, 2020, having not received any response to the discovery, counsel for Wellbridge emailed Mr. Gaddy and asked about discovery responses and deposition dates. (*See* Doc. 24-3.)

On August 13, 2020, Mr. Lee filed a second lawsuit in New Mexico state court. *See Lee v. Wellbridge Club Mgmt., LLC*, D-202-CV-2020-04662 (N.M. 2d Jud. Dist. Ct. Aug. 13, 2020). (*See also* Doc. 24-4.) Judge Fashing met with the parties again on September 23, 2020. (Doc. 21.) Mr. Gaddy advised the Court that Mr. Lee intended to file a motion to voluntarily dismiss the case. (*See id.*) Counsel for Wellbridge indicated that Mr. Gaddy had not yet served Wellbridge in the state lawsuit and sought to proceed with discovery. (*Id.*) Judge Fashing noted that "no discovery has taken place" and advised the parties to move forward. (*See id.*) Mr. Lee filed the motion to voluntarily dismiss this lawsuit on September 24, 2020. (Doc. 23.) Wellbridge responded on October 8, 2020, opposing the motion and moving to compel the late discovery responses. (Doc. 24.) When Mr. Lee failed to reply within 14 days, Wellbridge filed a notice of completion of briefing on October 23, 2020. (Doc. 25.) On November 3, 2020, Mr. Lee filed a motion to file his reply brief out of time. (Doc. 26.) Wellbridge opposes the motion. (Doc. 27.)

According to the deadlines set by Judge Fashing, discovery ended on October 19, 2020,

and Mr. Lee's motion to certify the class is due November 19, 2020. (*See* Doc. 17.)

**II.     Standard**

Under Federal Rule of Civil Procedure Rule 41(a)(2), once a defendant files either an answer or a motion for summary judgment, "a plaintiff may voluntarily dismiss an action only upon order of the court." *Ohlander v. Larson*, 114 F.3d 1531, 1536–37 (10th Cir. 1997) (citing Fed. R. Civ. P. 41(a)(2)). Rule 41(a)(2) "is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 at 165 (1971)). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander*, 114 F.3d at 1537 (citations omitted).

To determine whether the defendant will suffer legal prejudice, the Court should consider: "1) the opposing party's effort and expense in preparing for trial; 2) excessive delay and lack of due diligence on the part of the movant; 3) insufficient explanation of the need for a dismissal; and 4) the present stage of the litigation." *Rippetoe v. Taos Living Ctr.*, No. CIV 12-646 JAP/LFG, 2013 WL 12138880, at *2 (D.N.M. Jan. 8, 2013) (citing *Ohlander*, 114 F.3d at 1537). "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Ohlander*, 114 F.3d at 1537 (citation omitted).

"The district court should endeavor to insure substantial justice is accorded to both parties." *Id.* (citation omitted). "A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff . . . ." *Id.* (citation omitted). "The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Am. Nat. Bank & Trust Co. of*

*Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (citation omitted).

**III.     Discussion**

    **A.     The Court will allow Mr. Lee to file his untimely reply.**

Before turning to the merits of Mr. Lee's motion, the Court first considers the motion to file an out-of-time reply. (*See* Doc. 26.) Mr. Gaddy asserts that while he had prepared Mr. Lee's reply and given it to co-counsel for review, he failed to calendar it for filing. (*Id.* at 5.) He asserts that he "acted in good faith as soon as [he] recognized the reply was due." (*Id.*) Mr. Lee's reply brief was due on October 22, 2020. *See* D.N.M. LR-Civ. 7.4(a). He filed the motion to extend 12 days later, on November 3, 2020. (Doc. 26.)

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b) . . . ." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (citations omitted).

Wellbridge asserts that a calendaring error does not constitute good cause for a delay. (*See* Doc. 27.) Indeed, courts often decline to find good cause for a delay due to a simple calendaring error. *See Candelaria v. Molina Healthcare, Inc.*, No. CV 18-725 WJ/GBW, 2019 WL 4643946, at *6 (D.N.M. Sept. 24, 2019) (gathering cases). Yet the 12-day delay here will not prejudice

4

Wellbridge, and the Court prefers to have all briefs available when considering a dispositive motion. Because the Court finds that the short delay here will not prejudice Wellbridge, it will grant the motion to file the reply out of time. *See*, *e.g.*, *Mohankumar v. Dunn*, No. CIV. A. 97-1555-WEB, 1999 WL 1253053, at *2 (D. Kan. Dec. 22, 1999) (finding that a one-day delay due to a calendaring error was inadvertent, amounting to excusable neglect); *but see Candelaria*, 2019 WL 4643946, at *6 (declining to find excusable neglect due to a calendaring error that led to a 50-day delay).

### B. Upon consideration of the relevant factors, the Court finds that dismissal is appropriate.

Mr. Lee "seeks a dismissal because he has dropped his claims under the [FLSA] and seeks only to bring his case under the New Mexico Wage and Hour Act and the Albuquerque Minimum Wage Ordinance." (Doc. 23 at 1.) Considering the relevant factors outlined in *Ohlander*, the Court finds Mr. Lee's motion should be granted. *See* 114 F.3d at 1537.

The first factor examines "the opposing party's effort and expense in preparing for trial . . . ." *Id.* Trial in this matter has not been set because the Court has not considered any motion to certify the class. Thus, neither party has made any effort or expense for trial, and the first factor favors dismissal.

The second factor considers any "excessive delay and lack of due diligence" by the moving party. *See id.* Wellbridge argues that Mr. Lee "has done virtually nothing in this case." (Doc. 24 at 6.) It points to Mr. Lee's failure to timely respond to discovery and its delay in moving for dismissal. (*Id.*) The Court agrees that Mr. Lee has not shown due diligence in filing this motion; thus, the second factor does not favor dismissal.

The third and fourth factors examine the movant's explanation for dismissal and the present

stage of litigation. *See Ohlander*, 114 F.3d at 1537. Here, Mr. Lee explains that he would like to drop his FLSA claim and only pursue state law claims. (*See* Doc. 23 at 1.) Mr. Lee has already filed a lawsuit in state court without the FLSA claim. *See* D-202-CV-2020-04662. Wellbridge asserts that "[t]here is no reason [Mr. Lee] must dismiss this entire action in order to drop his Federal claims[,]" because the "Court has supplemental jurisdiction over the non-Federal claims."[1] (Doc. 24 at 5.)

Wellbridge further argues that it will be prejudiced by a dismissal, because "it has already sunk effort and expense into this case, drafting discovery and attending several mandatory status conferences with Judge Fashing." (Doc. 24 at 7.) The Court finds that dismissal at this point in the federal lawsuit will not cause Wellbridge significant prejudice. While the parties have attended several short status conferences and Wellbridge has propounded its first set of written discovery requests, the Court finds that much of the work already expended will help the parties as they litigate the state case. Wellbridge complains that granting the motion will advantage Mr. Lee by allowing him to restart the discovery clock in state court. (*See id.* at 6.) Yet the Tenth Circuit has held that "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Am. Nat. Bank & Trust Co. of Sapulpa*, 931 F.2d at 1412 (citation omitted). Because Mr. Lee's remaining claims are entirely premised on state law, the Court finds the third and fourth factors weigh in favor of dismissal.

On balance, while the Court agrees that Mr. Gaddy has not been a model of diligence in this matter, dismissal will not subject Wellbridge to legal prejudice. Accordingly, the Court will grant the motion to dismiss.

---

[1] Wellbridge does *not* argue that the Court would have diversity jurisdiction over Mr. Lee's state-law claims.

**THEREFORE,**

**IT IS ORDERED** that Mr. Lee's Motion for Voluntary Dismissal under Rule 41(a)(2) (Doc. 23) is **GRANTED**: Mr. Lee's FLSA claim is **DISMISSED WITH PREJUDICE** and his state-law claims are **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Wellbridge's Motion to Compel Discovery (Doc. 24) is **DENIED AS MOOT**; and

**IT IS FURTHER ORDERED** that Mr. Lee's Motion for Extension of Time to File a Reply (Doc. 26) is **GRANTED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE